**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **HECTOR SUSTAITA, JR.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **PALOMAR SPECIALTY INSURANCE** | § | |
| **COMPANY AND BRANDON** | § | |
| **STEPHENSON** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Palomar Specialty Insurance Company, in Cause No. CL-15-1942-A pending in the County Court at Law Number 1, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1    On or about June 19, 2015, Plaintiff filed his Original Petition in the matter styled *Hector Sustaita v. Palomar Specialty Insurance Company* in the County Court at Law Number 1, Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy.

1.2     Plaintiff asserts a claim against Brandon Stephenson as the adjuster assigned to Plaintiff's claim.

1.3     Plaintiff served Palomar Specialty Insurance Company (hereinafter "Palomar") with Plaintiff's Original Petition and process on June 22, 2015.

1.4     Plaintiff's Original Petition states that his property sustained storm damages.  *See* Plaintiff's Original Petition at p. 3, § VI D.

1.5     Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel,  Exhibit "D" is the consent to removal.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition, at p. 1, ¶ 2.

2.3     Defendant Palomar Specialty Insurance Company (hereinafter "Palomar") is incorporated as an Oregon – domiciled insurance company, and has its principal place of business in California.  Accordingly, Palomar is not a citizen of Texas.

2.4     Defendant Brandon Stephenson, although not a proper party to this lawsuit, is a citizen of the State of Texas.

2

**A. Defendant Brandon Stephenson Has Been Improperly and/or Fraudulently Joined in this Lawsuit.**

2.5     With respect to the claims against Defendant Brandon Stephenson, it is Palomar's position that Defendant Brandon Stephenson has been fraudulently and/or improperly joined in this action.

2.6     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the Plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at * 1 (S.D. Tex. Oct. 27, 2009).

2.7     Plaintiff failed to offer any specific facts to support his claims against Defendant Brandon Stephenson and therefore failed to make the required "factual fit between [his] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999). Indeed, Plaintiff's claims are nothing more than bare-bone form allegations devoid of any substantive facts. *See* Plaintiff's Original Petition, pp. 3-7, ¶¶ V-VII.

2.8    Plaintiff's failure to mention any actionable facts related to the conduct of Mr. Stephenson constitutes a failure to state a claim and results in fraudulent joinder of that party.  *See, e.g., Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent).

2.9    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of Defendant Stephenson constitutes a failure to state a claim and results in fraudulent joinder of that party.  *See, e.g. Lakewood Chiropractic Clinic,* 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-CV-

4

165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* 2008 WL 4533729, at *6 (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

2.10    "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Twombly,* 550 U.S. 544, 545 (2007)). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Guerrero Investments, LLC v. Am. States Ins. Co*., No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding improper joinder where "the sections setting forth Plaintiff's causes of action against Mason amount to no more than conclusory recitations of the elements of Plaintiff's DTPA, Insurance Code, and conspiracy claims.   In other words, Plaintiff's

allegations lack the required 'factual fit.'"); *Xiang Fang v. Companion Commercial Ins. Co.*, No. 7:12-CV-324, 2013 WL 5214433 (S.D. Tex. 2013) (same); *but see Garza v. Scottsdale Ins. Co.*, No. 2:15-CV-149, 2015 WL 3756917, at *1 (S.D. Tex. 2015) (employing the liberal state-court pleading standard of fair notice rather than the federal standard); *De Leon v. Travelers Lloyds of Texas Ins. Co.*, No. 7:13-CV-468, 2013 WL 5744456, at *2 (S.D. Tex. 2013) (same).

2.11    Here, Plaintiff's claims include breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code and the DTPA, and breach of the duty of good faith and fair dealing. *See* Plaintiff's Original Petition, pp. 7-12, ¶¶ VII.  Yet, Plaintiff fails to set forth any factual details concerning his allegations against Defendant Stephenson.  For example, Plaintiff claims that Defendant Stephenson violated the DTPA by making misrepresentations, but fails to describe the specific misrepresentations made by Defendant Stephenson. *See* Plaintiff's Original Petition, p. 9, ¶ VII.  Elsewhere, Plaintiff claims that Defendant breached the duty of good faith and fair dealing by failing to conduct a reasonable investigation, but Plaintiff does not explain in any way how Defendant Stephenson failed to investigate. *See* Plaintiff's Original Petition, pp. 11-12, ¶ VII.  Further, in setting forth claims under Section 541 of the Texas Insurance Code, Plaintiff articulates a series of generic violations that are either entirely conclusory or completely inapplicable to Defendant Stephenson. *See* Plaintiff's Original Petition, p. 10 ¶ VII. Accordingly, Defendant Brandon Stephenson has been improperly joined in this lawsuit.

2.12    Because Palomar Specialty Insurance Company, a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is

6

proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.13    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.   28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint.   *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.14    Here, Plaintiff's claims are centered on the alleged failure to pay the full proceeds of Plaintiff's policy necessary to make repairs to Plaintiff's property.  Plaintiff's Original Petition alleges various causes of action for actual damages, consequential damages, treble damages, exemplary damages, and attorney's fees.   *See* Plaintiff's Original Petition, pp. 12-14 ¶ ¶ IX-XII.   Plaintiff's Original Petition states that "the damages described in this petition . . . exceed an aggregate amount of monetary relief more than $100,000 but not more than $200,000."  (Plaintiff's Original Petition, p. 12, ¶ IX).

2.15    Thus, Defendant Palomar has met the requirements to remove this case to federal court.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Palomar was first served with Plaintiff's Original Petition and process on June 22, 2015.  Defendant Palomar files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. § 1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Palomar files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

By:   /s/ Mikell West
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEY FOR DEFENDANT
PALOMAR SPECIALTY
INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas, 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No.578825
cgarza@gnqlawyers.com

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 22, 2015, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Hector Sustaita, Jr.

**<u>Via CM/RRR # 7012 2920 0001 5084 6193</u>**
Wes Holland
William N. Allan, IV
Allan, Nava, Glander & Holland, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216

/s/Mikell A. West
Mikell A. West